# EXHIBIT "A"



## SPECIAL PROCESS SERVER

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>NICOLE JEAN COLBERT BOTCHWAY | Case Number:<br>2022-AC10651 | Special Process Server 1<br>M EFFINGER |
|---|---|---|
| Plaintiff/Petitioner:<br>TIMOTHY SNOW | Plaintiff's/Petitioner's Attorney/Address:<br>RICHARD ANTHONY VOYTAS<br>12444 POWERSCOURT DRIVE<br>SUITE 370<br>ST LOUIS, MO 63131<br>(314) 394-0605 | Special Process Server 2 |
| vs. | | Special Process Server 3 |
| Defendant/Respondent:<br>IMMEDIATE CREDIT RECOVERY, INC. | Date, Time and Location of Court Appearance:<br>06-JAN-2021, 09:30 AM | |
| Nature of Suit:<br>AC Other Tort | Division 28<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing<br>via WebEx.  WebEx connection information may<br>also be found at http://www.stlcitycircuitcourt.com/ | (Date File Stamp) |

## Associate Division Summons

The State of Missouri to:  IMMEDIATE CREDIT RECOVERY, INC.
Alias:

120 S CENTRAL AVE
CLAYTON, MO 63105

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court physically if the courthouse is open to the public for said proceedings or virtually if not on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

***Due to COVID19 challenges, virtual appearances by Webex.com are required until further order of this Court. *** If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

November 19, 2020
_____
Date

_____
Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to:
_____ (name) _____ (title).
☐ other: _____.
Served at _____ (address) in
_____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____            _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

_(Seal)_

My commission expires: _____            _____
                                    Date                              Notary Public

∂8

## Information For Virtual Appearances via Webex Associate Circuit Civil Cases – Page 1

During the Coronavirus pandemic ( COVID-19) , **the 22st Judicial Circuit (St. Louis City)** has remained open and operational with limited access for in-person appearances pursuant to Missouri Supreme Court Orders and Operational Directives.  Until further court order, all associate civil cases pending in **Divisions 28** will be conducted virtually via the **Webex** or other court approved video technology.

In order to participate through **Webex** or other court approved video technology, you **MUST** have a valid email address or access to a phone.

You may appear in one of three ways:

1. Attend by **Webex** or other court approved video technology (computer or smart phone);
2. Attend by **Webex** or other court approved audio technology (telephone);
3. **Only appear in person if you have been informed that Division 28 will conduct in person proceedings on the date your hearing is set.**
   To check on your case by telephone call **Division 28 at 314-613-3185 or the circuit clerk's office at 622-4433** during regular business hours.
   You can access your case online on CaseNet at www.courts.mo.gov

**If you fail to appear at your scheduled Court hearing by one of the three methods above, a default judgment may be entered against you.**

To appear at the Webex hearing please follow the steps below:

Parties are required to appear in court on the date ordered physically if the courthouse is open for your specific proceeding or virtually using the below URL link and/or Audio Connection with the Meeting Number/Access Code 961 544 759

**URL:**
https://mocourts.webex.com/join/nicole.colbert-botchway

**Meeting Number:**
**961 544 759**

**Video Address:**
nicole.colbert-botchway@mocourts.webex.com

**Audio connection:**
**United States Toll +1-408-418-9388**

**Access code:**
**961 544 759**

## Additional Information For Self-Represented Litigants on Associate Circuit Civil Cases – Page 2

1. The **WebEx** app is free and available through all phone app stores, such as the Google Play store or iTunes.  The call in number is a toll call.

2. At the time of your scheduled hearing, you should log into **Webex** or call in using the audio connection above.

3. If you have any questions, please call the **Division 28 court clerk at 314-613-3185**.

4. VIDEO OR AUDIO RECORDING by litigants or by counsel **IS PROHIBITED**.

5. Until your next court date, please consider the following:

   - You can monitor the status of your case online on CaseNet at www.courts.mo.gov.  Use the "Track this Case" feature to automatically receive emails or text messages about your case.

   - **Before coming to the courthouse,** please check the St. Louis City Circuit Court website at **www.stlcitycircuitcourt.com** to determine whether the courthouse will be open on the day of your scheduled court hearing.

   - To check on your case by telephone call **Division 28 at 314-613-3185 or the circuit clerk's office at 622-4433** during regular business hours. Due to the increased volume of calls, court clerks may not be available at all times to answer questions via telephone.

   - You have the right to hire an attorney to represent you.

   - Attorneys must **mark and** e-file all documents.

   - If you are not represented by a lawyer, you may file answers or other pleadings with the court by mail, or **when the Court is open to the public** come in person to the St. Louis **City Circuit Clerk's office, 10 North Tucker, St. Louis, MO 63108.**

   - Parties are encouraged, but in no way required, to engage in settlement discussions regarding their cases.  If a settlement is reached, a Consent Judgment resolving the case may be filed with the court.  A consent judgement must be signed by all the parties and dated.

**2022-AC10651**

Electronically Filed - City of St. Louis - November 18, 2020 - 11:25 AM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
### STATE OF MISSOURI
### ASSOCIATE DIVISION

| | |
|---|---|
| TIMOTHY SNOW,<br><br>   Plaintiff,<br><br>v.<br><br>IMMEDIATE CREDIT RECOVERY, INC.,<br><br>Serve at:<br>C T Corporation System<br>120 S Central Avenue<br>Clayton, MO 63105<br><br>   Defendant. | Cause No<br><br>Division<br><br><br><br>**JURY TRIAL DEMANDED** |

## PETITION

COMES NOW Timothy Snow ("Plaintiff"), by and through his undersigned counsel, and for his Petition states as follows:

### INTRODUCTION

1.     This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.     Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3.     This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff at his residence in Missouri. Plaintiff

Electronically Filed - City of St. Louis - November 18, 2020 - 11:25 AM

suffered the harms described herein in Missouri. Venue is proper in the City of St. Louis, Missouri for this reason.

## PARTIES

4.      Plaintiff is a natural person currently residing in Saint Louis, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5.      The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

6.      Plaintiff has a bona-fide dispute as to the amount of the debt. The balance alleged of $721.79 is not due and owing because, to the best of his knowledge this amount overstates any amount that could be due or owing to Defendant.   Specifically, Plaintiff does not recall his balance being anywhere near this high before Defendant began to collect on the alleged debt.

7.      Defendant Immediate Credit Recovery, Inc. ("Defendant") is a foreign corporation with its principal place of business located outside Missouri.

8.      The principal business purpose of Defendant is the collection of debts nationwide; Defendant regularly attempts to collect debts alleged to be due to another entity.

9.      Defendant is engaged in the collection of debts from consumers through means of using mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA.  15 U.S.C. §1692a(6).

Electronically Filed - City of St. Louis - November 18, 2020 - 11:25 AM

## FACTS

10.     Defendant's collection activity, of which Plaintiff disputes, occurred within the previous twelve (12) months.

11.     On October 20, 2020, Defendant texted Plaintiff on his personal cell phone, claiming that "Our office has not been able to reach you regarding an important business matter" and providing a telephone number to call. Despite Defendant's effort to obscure their intentions, this was the initial collection communication.

12.     The initial collection communication did not state an alleged balance owed, provide any information about the alleged debt, and did not notify Plaintiff of his ability to dispute the debt. In fact, Defendant was attempting to conceal the fact that it was attempting to collect a debt in order to trick Plaintiff into returning the call.

13.     On November 4, 2020, Defendant sent another text to Plaintiff regarding a "FINAL NOTICE OF DELIVERY."

14.     This was a deceptive and misleading attempt to collect a debt in that it created a false sense of urgency designed to bait Plaintiff making an unwanted call to Defendant. Specifically, the delivery and notice of collection communications would not be "final" in that Defendant would try to contact Plaintiff many more times.

15.     Plaintiff called Defendant in an attempt to clarify why Defendant was texting him.

16.     Defendant verified Plaintiff's identity and, before even stating a balance, warned Plaintiff that his account was in "pre-litigation."

17.     This was a complete fabrication, and a blatant attempt to threaten Plaintiff and violate his dispute rights by attempting to get Plaintiff to pay the alleged debt right away.

Electronically Filed - City of St. Louis - November 18, 2020 - 11:25 AM

Defendant made an express threat of litigation that it was not authorized to make; further, the threat of litigation was false.  Specifically, Defendant told Plaintiff "They are actually looking to pursue you legally for the full balance owed on the account" and "I'm just here to get a statement on your behalf that this is something you do want to resolve voluntarily."

18.    Defendant, for the first time, proceeded to provide a balance of $721.79.

19.    Plaintiff believed the balance to be highly suspicious for the reasons stated above, and also because of the high-pressure skullduggery Defendant was using to scare Plaintiff..

20.    Plaintiff then asked Defendant if they had sent him anything in the mail.

21.    Defendant stated that they had hired a "locating service" to deliver to Plaintiff "court documents basically stating that they are looking to pursue you legally for the balance."

22.    This was yet another outright lie (Plaintiff never received anything from Defendant in the mail or from a "locating service") in Defendant's attempt to collect the alleged debt.

23.    Plaintiff, believing that he did not owe the debt, hired an attorney to advise him with respect to the debt that Defendant was trying to collect.

24.    Plaintiff informed Defendant that he disputed the debt and provided Defendant with his attorney's contact information before ending the call.

25.    Defendant's above-described conduct has caused Plaintiff to incur actual damages including but not limited to attorneys' fees paid to his counsel, anxiety, frustration, and worry.

26.    Further, Defendant's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

Electronically Filed - City of St. Louis - November 18, 2020 - 11:25 AM

a. Plaintiff has been deprived of his statutorily created right to truthful information about the debt, specifically that Defendant was even attempting to collect a debt and that the debt was in "pre-litigation"; and

a. Plaintiff was deprived of his statutory right to dispute the alleged debt.

## COUNT I: VIOLATION OF THE FDCPA

27.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

28.    In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

a.    Failing to provide its identity in compliance with 15 U.S.C. § 1692e.

b.    Overshadowing Plaintiff's dispute rights.  15 U.S.C. § 1692g.

c.    Engaging in harassing, abusive, deceptive, misleading, unfair, and unconscionable conduct in the collection of a debt, including but not limited to misrepresenting the alleged debt's legal status. 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.    Judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages in an amount to be determined by the jury;

C.    Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D.    For such other relief as the Court may deem just and proper.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, #52046
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212
rick@rossvoytas.com

Attorney for Plaintiff

Electronically Filed - City of St. Louis - November 18, 2020 - 11:25 AM